UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mayo Foundation for Medical Education and Research, | Case No. 21-cv-1039 (SRN/TNL) |
| Plaintiff, | **ORDER** |
| v. | |
| Knowledge to Practice, Inc., | |
| Defendant. | |

This matter comes before the Court on the parties' Corrected Joint Motion Regarding Continued Sealing ("Joint Motion"), ECF No. 89, pursuant to Local Rule 5.6. In the Joint Motion, the parties disagree as to the continued sealing of documents filed in connection with Plaintiff Mayo Foundation for Medical Education and Research's ("Mayo") Motion to Compel, ECF No. 53, and Defendant Knowledge to Practice, Inc.'s ("K2P") Motion to Compel Production of Documents in Response to Subpoena, ECF No. 56.

Succinctly stated, this case involves a dispute over ownership of contractually-defined intellectual property interests in medical board review courses. *See, e.g.*, ECF No. 143 at 2-11. K2P asserts that each of the temporarily sealed documents "contains confidential and proprietary information of K2P that is not publicly available," which is "competitively sensitive" and "central to K2P's value as a business." *See, e.g.*, ECF No. 89 at 2. K2P asserts that, if the information were made public, it "could be used by K2P's competitors to put K2P at a competitive disadvantage and would damage K2P's business."

1

*See, e.g.*, ECF No. 89 at 2.  Mayo contends that "K2P has not articulated a compelling reason, nor good cause to support the continued sealing of the documents." *See, e.g.*, ECF No. 89 at 2.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  This is because the right of access "is fundamental to ensuring the public's confidence and trust in the judiciary." *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, MDL No. 15-2666 (JNE/FLN), 2018 WL 2135016 at *2 (D. Minn. May 9, 2018).  The right of access, however, "is not absolute, but requires a weighing of competing interests." *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (citation omitted).  According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up); *see also Feinwachs*, 2018 WL 882808, at *3.

Local Rule 5.6 provides guidance similar to the Eighth Circuit, by requiring the Court to balance the parties' interests in maintaining the confidentiality of documents with the public's right to access:

> [P]arties have been filing too much information under seal in
> civil cases . . . .  As a general matter, the public does not have

2

> a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6 2017 advisory committee note.

Here, although the public's presumptive right of access to the disputed documents is not low, K2P has overcome that presumption by demonstrating a compelling countervailing reason: the material in these docket entries contains proprietary information not publicly available that is competitively sensitive and central to K2P's business. The Court has reviewed the documents and finds that the information filed under temporary seal is competitively sensitive information related to K2P's intellectual property rights, and K2P's need to maintain confidentiality in the information outweighs the public's right of access. *See* D. Minn. LR 5.6. Accordingly, the Court will grant the parties' Joint Motion, and direct the Clerk of Court to keep the documents sealed.

[Continued on next page.]

Therefore, based upon the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion for Continued Sealing, ECF No. 89, is **GRANTED**; and

2. The Clerk of Court is directed to keep the following documents sealed: ECF Nos. 55, 63, 63-1, 63-2, 63-3, 63-4, 63-5, 63-6, 63-7, 72, and 75.

Date: October __17__, 2022                 _____*s/ Tony N. Leung*_____
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *Mayo Foundation for Medical Education
                                           & Research v. Knowledge to Practice,
                                           Inc.*
                                           Case No. 21-cv-1039 (SRN/TNL)